FILED

**NOT FOR PUBLICATION**

JUN 01 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDY SUMITRA RUSLI, | No. 06-72256 |
| Petitioner, | Agency No. A095-575-772 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Edy Sumitra Rusli, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and deny in part and grant in part the petition for review.

The record does not compel the conclusion that Rusli's difficulties in finding an attorney established extraordinary circumstances excusing his untimely filed asylum application. *See* 8 C.F.R. §§ 1208.4(a)(5); *Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Accordingly, Rusli's asylum claim is denied.

Substantial evidence also supports the agency's finding that the incidents in Rusli's childhood where he was ridiculed, robbed, and struck by a stone constituted harassment rather than persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (holding that unfulfilled threats by citizens based on ethnicity constitute harassment and not persecution), and that his experiences during the May 1998 riots and encounter on his motorcycle in June 2000 also did not amount to persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003).

In analyzing Rusli's withholding of removal claim, the agency declined to apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Intervening case law holds the disfavored group analysis applies to withholding of removal. *See Wakkary v. Holder*, 558 F.3d 1049, 1062-

65 (9th Cir. 2009). Accordingly, we remand to the BIA to consider whether Rusli is entitled to withholding of removal under *Sael* and *Wakkary*. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In addition, the BIA should consider Rusli's pattern or practice of persecution claim. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("the BIA [is] not free to ignore arguments raised by a petitioner.").

Substantial evidence supports the agency's denial of CAT relief because Rusli failed to establish it is more likely than not he will be tortured in Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**